UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUDY CLARK, et al.,<br><br>                   Plaintiffs,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, et al.<br><br>                   Defendants. | Case No.: 1:22-cv-10068-DPW |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendants Beth Israel Deaconess Medical Center, the Board of Trustees of Beth Israel Deaconess Medical Center, and the Pension Committee of Beth Israel Deaconess Medical Center (collectively, "Defendants") respectfully move to dismiss with prejudice the Complaint filed by Plaintiffs Trudy Clark, Donna Nesmith, Jessica Smith, and Shelly Stack (collectively, "Plaintiffs") in the above-captioned matter.  In support of their motion, Defendants state as follows:

1.      This is one of dozens of class-action lawsuits filed in the last two years by the same plaintiffs' law firms targeting the fiduciaries of retirement plans.  The claims in these cases are based on the faulty premise that there is only one way for plan fiduciaries to fulfill the duties of prudence and loyalty under the Employee Retirement Income Security Act ("ERISA"): offer investments with the lowest management fees, guarantee those investments are the best performing in their class, and pay the lowest fee to plan service providers, regardless of the scope of services provided.  This case follows the same pattern, attempting to impose Plaintiffs' improper categorical rules on fiduciaries of the Beth Israel Deaconess Medical Center 401(k)

1

Savings and Investment Plan ("401(k) Plan") and the Beth Israel Deaconess Medical Center Voluntary 403(b) Plan ("403(b) Plan") (together, the "Plans").

2.  Plaintiffs are three former, and one current, participants in the 401(k) Plan.  Their Complaint alleges that Defendants breached ERISA's fiduciary duties of loyalty and prudence, and did not monitor the Plans' fiduciaries, in three ways: (1) by offering the actively-managed Fidelity Freedom Funds ("Freedom Funds"), one of the most popular target-date funds ("TDFs") on the market, instead of the less-expensive passively-managed Fidelity Index Funds ("Index Funds") or a few "better performing" TDF suites ("Alternative TDFs"); (2) by offering (until 2019) the Neuberger Berman Sustainable Equity Fund ("Neuberger Fund"), which allegedly underperformed its benchmark; and (3) by permitting the Plans' participants to pay recordkeeping fees that exceeded the fees paid by participants in *eight* other retirement plans, out of hundreds of thousands of plans in the U.S.

3.  Under controlling First Circuit and Supreme Court precedent, Plaintiffs' Complaint fails to state a plausible claim.  Plaintiffs do not allege facts, as they must, suggesting the Freedom Funds or the Neuberger Fund were so imprudent that offering them was outside the "range of reasonable judgments a fiduciary may make based on her experience and expertise." *Hughes v. Nw. Univ.*, 142 S. Ct. 737, 742 (2022).  Instead, they allege only that the Freedom Funds charge higher management fees than the passively-managed Fidelity Index target-date funds and purportedly underperformed four other "popular" target-date fund families.  With respect to the Neuberger Fund, Plaintiffs simply allege that it underperformed the S&P 500 Index, its stated benchmark.  But ERISA does not require Defendants to select the least-expensive or best-performing investment, and Plaintiffs cannot plausibly allege a breach merely by identifying supposedly similar investments that cost a bit less or performed a bit better.

4. Compounding the pleading deficiencies in Plaintiffs' Complaint is their failure to allege facts suggesting their "less expensive" or "better performing" funds represent a "meaningful benchmark" for comparing fees or performance of the challenged investments, a prerequisite to pleading a viable fiduciary breach claim. *See, e.g.*, *Barchock v. CVS Health Corp.*, 886 F. 3d 43, 51 (1st Cir. 2018).

5. Plaintiffs' challenge to the Plans' recordkeeping fees similarly fails to state a claim. Even if the Plans had higher recordkeeping fees than Plaintiffs' *eight* purportedly comparable plans (out of hundreds of thousands across the U.S.), that does not mean the fees were imprudent. Further, Plaintiffs' alternative plans are not truly comparable in terms of participant size, which Plaintiffs allege is the "primary driver" for determining the amount of fees, meaning any fee differences between the Plans and Plaintiffs' comparators permit no inference of imprudence. In addition, Plaintiffs focus exclusively on the recordkeeping fee, while ignoring the services the Plans received for that fee compared to the services the eight alternative plans allegedly received for less. That oversight is fatal. *See, e.g.*, *Hecker v. Deere & Co.*, 569 F.3d 708, 711 (7th Cir. 2009).

6. The Complaint's ancillary claims are equally meritless. Plaintiffs cannot state a claim for breach of ERISA's duty of loyalty or to monitor appointed fiduciaries by relying on the same deficient allegations that underpin their imprudence claims. Likewise, their "knowing participation" claim is dependent on their primary claims and fails for the same reasons.

7. While the Court should dismiss the Complaint in its entirety under Rule 12(b)(6), Plaintiffs also lack Article III standing to challenge Defendants' management of the 403(b) Plan because none of the Plaintiffs ever participated in that Plan. This means the Court lacks subject matter jurisdiction over any such claims, and they should be dismissed under Rule 12(b)(1).

Similarly, Plaintiffs lack statutory standing under ERISA to challenge Defendants' management of the 403(b) Plan and, therefore, those claims should be dismissed under Rule 12(b)(6).

8.      In support of this motion, Defendants submit the accompanying memorandum of law and exhibits.

WHEREFORE, for the foregoing reasons, and as explained in greater detail in Defendants' accompanying memorandum of law, Defendants respectfully request that the Court grant this motion and dismiss Plaintiffs' Complaint in its entirety, with prejudice.

### REQUEST FOR ORAL ARGUMENT

Defendants respectfully request oral argument on this motion.

Dated: May 13, 2022

/s/ *Keri L. Engelman*
Keri L. Engelman (BBO# 704360)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
keri.engelman@morganlewis.com

Deborah S. Davidson (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Phone: (312) 324-1000
Fax: (312) 324-1001
deborah.davidson@morganlewis.com

Sean McMahan *(pro hac vice)*
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
214.466.4000 (phone)
214.466.4001 (fax)
sean.mcmahan@morganlewis.com

Mathew J. McKenna (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**

        1111 Pennsylvania Ave., NW
        Washington, DC 20004-2541
        Telephone:   (202) 739-3000
        Facsimile:    (202) 739-3001
        mathew.mckenna@morganlewis.com

        *ATTORNEYS FOR DEFENDANTS*

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned counsel for Defendants hereby certifies that Defendants' counsel conferred with counsel for Plaintiffs on March 30, 2022 and on May 6, 2022, regarding Defendants' foregoing motion to dismiss. Plaintiffs' counsel indicated that Plaintiffs do not consent.

        *s/ Keri L. Engelman*
        Keri L. Engelman

## CERTIFICATE OF SERVICE

I, Keri L. Engelman, certify that I filed the foregoing through the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

*s/ Keri L. Engelman*
Keri L. Engelman
