IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETS

| | |
|---|---|
| TRUDY CLARK, *et al.*,<br><br>　　　　Plaintiff,<br>　v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, *et al.*,<br><br>　　　　Defendants. | Case No: 1:22-cv-10068-DPW<br><br>October 17, 2022 |

**DECLARATION OF ALEC J. BERIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

　　　　I, Alec Berin, hereby declare under penalty of perjury under the laws of the United States as follows:

　　　　1.　　I am an Associate of Miller Shah LLP ("Miller Shah" or "Class Counsel"). I am admitted to practice law in the State of New Jersey and the Commonwealth of Pennsylvania, and I am one of the attorneys who has worked on the above-captioned action (the "Action") since the pleadings stage. I have personal knowledge of the facts set forth herein.

　　　　2.　　Attached as Exhibit "1" is a true and correct copy of the Settlement Agreement[1] dated October 17, 2022, including all exhibits to the Settlement Agreement:

　　　　　　**Exhibit A** – Notice of Class Action Settlement and Fairness Hearing

　　　　　　**Exhibit A-1** – Former Participant Claim Form

　　　　　　**Exhibit B** – Plan of Allocation

　　　　　　**Exhibit C** – [Proposed] Preliminary Approval Order

　　　　　　**Exhibit D** – [Proposed] Final Approval Order

---

[1] Terms not defined herein shall have the same meaning as in the Settlement Agreement.

1

**Exhibit E** – CAFA Notice

3. Plaintiffs, Trudy Clark, Donna Nesmith, Jessica Smith, and Shelly Stack, (collectively, "Plaintiffs"), have actively participated in the litigation from the outset and assisted Class Counsel in drafting the pleadings and other papers filed in the Class Action, consulted with Class Counsel as needed, collected and preserved information in anticipation of full discovery, provided additional information, participated in strategy and settlement discussions with Class Counsel, and otherwise assisted in representing the interests of the Plan and its participants and beneficiaries. Plaintiffs also participated in regular conference calls with Class Counsel to ensure they remained fully apprised of all developments in the Action. Plaintiffs fully understand the nature of their claims, as well as their duties and responsibilities as Class Representatives and to the Plan, and they have no interest antagonistic to the Plan and members of the Settlement Class.

4. Based upon review of the Form 5500s filed by Defendants with respect to the Plans, there were 12,785 participants and beneficiaries in the Plans as of December 31, 2020 and over 10,000 participants and beneficiaries in the Plans throughout the Class Period. Plaintiffs are former Participants in the Plan.

5. Miller Shah's attorneys are experienced in class action litigation, including in ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class actions nationwide.[2] In ERISA class and representative actions, James E. Miller, Laurie Rubinow, and I lead the Miller Shah's practice and, over the past decade, we have served as lead counsel in some of the most significant ERISA cases prosecuted throughout the United States on

---

[2] *See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-fee-litigation-gatekeeper-cases/.

behalf of retirement plans and their participants, including: *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before the Honorable William G. Young and resulting in a settlement valued at over $400 million for a class of retirement plans); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06-cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for class of retirement plans and other relief to class valued at over $15 million); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00988 (W.D.N.C.) (settlement of $3.5 million for class of plan participants); *Blackmon v. Zachry Holdings, Inc.*, No. 5:20-cv- 00988 (W.D. Tex.) (settlement of $1.875 million for class of plan participants); *Hay v. Gucci, Inc.*, No. 2:17-cv-07148 (D.N.J.) ($1.2 million settlement for class of plan participants in small defined contribution retirement plan).  In addition, in 2020, Mr. Miller was named whistleblower lawyer of the year by Taxpayers Against Fraud ("TAF"), a well-respected nonprofit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein et al. v. Teva Pharmaceuticals et al.*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in the Southern District of New York before Judge Gardephe and Chief Judge McMahon, respectively, and demonstrate Class Counsel's ability to handle exceptionally complex litigation.  Thus, the attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to properly represent the interests of the Plan and the

Settlement Class in this case.

6. During the course of this litigation and settlement negotiations, the parties exchanged information sufficient to enable counsel to evaluate the strength of the claims and risks of continued litigation. Specifically, Defendants produced and Plaintiffs and Class Counsel reviewed relevant documents and communications reflecting the relationships between and among fiduciaries, Defendants' management and administration of the Plans, and Defendants' process for monitoring the Plans' investments and service providers. These documents included chartering documents of the fiduciary committee, the Plans' investment policy statements during the Class Period, minutes of fiduciary committee meetings, materials provided to the fiduciary committee to support its decision-making, disclosures by service providers, and disclosures made to participants in the Plans. Prior to reaching the Settlement, the parties also communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, conducted independent analyses to support their claims and defenses and evaluate potential resolutions, and participated in a mediation with Robert A. Meyer, Esquire, of JAMS, a well-respected and experienced neutral mediator. There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations.

7. As noted above, Class Counsel have significant experience in similar litigation and are well-informed as to the specifics of this Class Action. Class Counsel's thorough investigation, coupled with the document discovery conducted in this Class Action, has afforded Miller Shah a significant understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the case.

8. Based upon the claims remaining in the case, Plaintiffs' experts have estimated

the range of realistic and supportable damages to be from $5,214,384 to $8,413,941 depending upon the methodology and assumptions employed and when brought to present value by applying a reasonable interest rate.  While figures in this range are defensible, the likelihood of establishing the higher figure faces more challenges than the lower figure.  Indeed, if the Class Action proceeded through trial, Defendants would likely challenge the loss calculation methodology and interest rates applied (not to mention challenges to causation and other elements of Plaintiffs' claims).  Accordingly, the Settlement provides monetary relief amounting to over 42.5% of the mid-point of the Plan's potentially recoverable losses.  When the non-monetary relief provided by the Settlement is accounted for, the value of the recovery is even larger.

9. Class Counsel have fully investigated and developed this Class Action, reviewed document productions sufficient to meaningfully assess the strength of Plaintiffs' claims, worked with experts, and engaged in motion practice, and will continue to properly and vigorously represent the interests of the Plan and the Settlement Class.

10. Although the Settlement Agreement permits Class Counsel to seek an award of attorneys' fees and expenses of up to 33% of the Gross Settlement Amount plus litigation expenses, Class Counsel anticipates seeking an award of attorneys' fees of up to 25% of the common fund established by the Settlement, inclusive of all expenses advanced by Class Counsel during the litigation.  Class Counsel prosecuted the Class Action on a contingent basis and advanced all associated costs with no expectation of recovery in the event the litigation did not result in a recovery for the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 17th day of October, 2022, at Philadelphia, Pennsylvania.

*/s/ Alec Berin*
Alec Berin
