UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUDY CLARK, et al., )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>BETH ISRAEL DEACONESS, )<br>MEDICAL CENTER, et al., )<br>)<br>      Defendant. ) | CIVIL ACTION NO.<br>22-10068-DPW |

ORDER APPROVING FORM AND MANNER OF
SETTLEMENT NOTICE, AUTHORIZING NOTICE TO THE CLASS
AND SCHEDULING FAIRNESS HEARING

May 5, 2023

This Class Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, with respect to the Beth Israel Deaconess Medical Center 401(k) Savings and Investment Plan ("401(k) Plan") and the Beth Israel Deaconess Medical Center Voluntary 403(b) Plan ("403(b) Plan" and with the 401(k) Plan, the "Plans").[1] The terms of the Settlement are set out in the Amended Class Action Settlement Agreement ("Settlement Agreement"), fully executed as of May 4, 2023, by counsel on behalf of the Class Representatives, all Class Members, and Defendants, respectively.

Pursuant to the Class Representatives' Motion for Preliminary Approval of Class Action Settlement and related relief, which the Court construes as a motion seeking approval of the form and manner of the proposed settlement notice and authorization of notice to the Settlement Class,

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

1

the Court preliminarily considered the Settlement to determine, among other things, whether the issuance of notice to members of the proposed Settlement Class is warranted. Upon reviewing the Settlement Agreement, supporting papers, and the record in this action, and the matter having come before the Court on April 24, 2023, and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. **Conditional Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class") to facilitate the distribution of notice as described in this Order:

> All participants and beneficiaries of the Plan, at any time during the Class Period (January 18, 2016, through the date this Order is entered by the Court), including any beneficiary of a deceased person who was a participant in the Plans at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who was a participant in the Plans at any time during the Class Period. The Settlement Class shall exclude all Defendants.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court conditionally finds that:

   (a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

   (b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

   (c) as required FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seek to certify;

   (d) as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class

Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court conditionally appoints Trudy Clark, Donna Nesmith, Jessica Smith, and Shelly Stack as Class Representatives for the Settlement Class and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

4. **Notice to the Settlement Class of the Proposed Settlement is Warranted.** The Court has conducted a preliminary review of the Settlement, which provides $2,900,000.00 in monetary relief and certain non-monetary relief, and finds that notice to Settlement Class is warranted. The method of distributing the Net Settlement Amount is efficient, relying substantially on Defendants' records, requiring no filing of claims for Current Participants,

3

Beneficiaries, and Alternate Payees with Active Accounts, and requiring only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts.  There are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).

     5.    **Establishment of Qualified Settlement Fund.**  A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund."  The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code.  The Settlement Fund shall be funded and administered in accordance with terms of the Settlement Agreement.

Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement.  Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.  The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.  The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement

Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.  The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund.  The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund.  Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

   The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund.  Reserves may be established for taxes on the Settlement Fund income or on distributions.  The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions.  Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.  The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund.  All accounts, books, and records

relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6. **Fairness Hearing** – A hearing is scheduled for **September 22, 2023 at 11:00 a.m**. (in-person or with Zoom access) in the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, to make a final determination concerning, among other things:

- any objections from Class Members to the Settlement or any aspects of it;
- whether the Settlement merits final approval as fair, reasonable, and adequate;
- whether the Class Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;
- whether the proposed Plan of Allocation should be granted final approval; and
- whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Awards to the Class Representatives are fair and reasonable, and whether they should be approved.

7. **Settlement Notice.** The Court approves the form of Settlement Notice attached

as Exhibit A to the Settlement Agreement and Former Participant Claim Form attached as Exhibit A-1 to the Settlement Agreement.  The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim; (c) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and Case Contribution Awards for the Class Representatives for their service in such capacity; (d) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describes how recipients of the Notice may object to any of the relief requested.

8. **Settlement Administrator.**  The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement.  The Court directs that the Settlement Administrator shall:

- By no later than **June 19, 2023**, cause the Settlement Notice and Former Participant Claim Form, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort.

- The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time.  In addition, for each Former Participant, Beneficiary, and Alternate Payee who has not returned the Former Participant Claim form by **July 19, 2023**, the Settlement Administrator shall

7

send by **August 3, 2023**, a post card by e-mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

- By no later than **June 19, 2023**, cause the Settlement Notice to be published on the website identified in the Settlement Notice, strategicclaims.net/BethIsrael401k, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Award.** Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Awards to the Class Representatives, and all briefs in support thereof, shall be filed no later than **August 8, 2023**.

10. **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of final approval of the Settlement shall be filed no later than **August 8, 2023.**

11. **Objections to Settlement.** Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for Case Contribution Awards for the Class Representatives.  An objection must include: (a) the full name, address, and

telephone number of the objector; (b) a written statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s) and whether the objection is on behalf of the objector only, a portion of the Settlement Class, or the Settlement Class as a whole; (c) copies of any papers, briefs, or other documents upon which the objection is based; (d) a list of all persons, if any, who will be called to testify in support of the objection; (e) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the previous five years; and (f) the objector's signature, even if represented by counsel. The address for filing objections with the Court is as follows:

> Clerk of Court
> U.S. District Court for the District of Massachusetts
> John Joseph Moakley United States Courthouse
> 1 Courthouse Way, Suite 2300,
> Boston, Massachusetts 02210
> Re: *Clark v. Beth Israel Deaconess Medical Center*
> Case No. 1:22-cv-10068-DPW (D. Mass.).

The objector or his, her, their, or its counsel (if any) must file or postmark the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than **August 23, 2023**. If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than **September 7, 2023**. Any member of the Settlement Class or other person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to

9

objections shall be filed with the Court no later than **September 15, 2023**. There shall be no reply briefs.

12. Any additional briefs the Settling Parties may wish to file in support of the Settlement shall be filed no later than **September 15, 2023**.

13. **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in the Fairness Hearing must file a notice of intention to participate and, if applicable, the name, address, and telephone number of the objector's attorney, with the Court by no later than **September 7, 2023**. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses.** The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

15. **Parallel Proceedings.** Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plans are prohibited and enjoined from directly, through representatives, or in any other capacity commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendant Released Parties.

16. **Class Action Fairness Act Notice.** The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

17. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and the right to schedule the hearing to be done by telephone or video conference.

*/s/ Douglas P. Woodlock*

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE