IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TRUDY CLARK, *et al.*,

        Plaintiffs,

   v.

BETH ISRAEL DEACONESS MEDICAL CENTER, *et al.*,

        Defendants.

Case No.: 1:22-CV-10068-DJC

## DECLARATION OF ALEC J. BERIN

I, Alec J. Berin, hereby declare:

1.     I am an Associate of the law firm of Miller Shah LLP ("Miller Shah"), and I am a member of the bar of the Commonwealth of Pennsylvania and State of New Jersey. I have been admitted *pro hac vice* in this case and I am one of the attorneys who has worked on the above-captioned action (the "Action") for Miller Shah since the inception of the Action. I have personal knowledge of the facts set forth herein.

2.     Following entry of the Court's Order Authorizing Notice, Fiduciary Counselors, Inc. ("Fiduciary Counselors") was selected and appointed as an independent fiduciary for the Plan in connection with the Settlement and will be provided with sufficient information to allow for a comprehensive review of the Settlement. Fiduciary Counselors has extensive experience reviewing settlements involving ERISA plans. Fiduciary Counselors will issue its report of the Settlement in this Action on or before August 23, 2023.

3.     During the course of the Action and settlement negotiations, the parties exchanged information sufficient to enable counsel to evaluate the strength of the claims and risks of continued litigation. Specifically, Defendants produced and Class Counsel reviewed

1

relevant documents and communications reflecting the relationships between and among fiduciaries, Defendants' management and administration of the Plans, and Defendants' process for monitoring the Plans' investments and service providers. These documents included chartering documents of the fiduciary committee, the Plans' investment policy statements during the Class Period, minutes of fiduciary committee meetings, materials provided to the fiduciary committee to support its decision-making, disclosures by service providers, and disclosures made to participants in the Plans.

4. Prior to reaching the Settlement, the parties also communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, conducted independent analyses to support their claims and defenses and evaluate potential resolutions, and participated in a mediation with Robert A. Meyer, Esquire, of JAMS, a well-respected and experienced neutral mediator, on September 1, 2022. There has been no collusion or complicity of any kind in connection with the Settlement or any related negotiations.

5. As noted in connection with Plaintiffs' motion for preliminary approval of the Settlement, Class Counsel have significant experience in similar litigation, and are well-informed as to the specifics of the Action. Class Counsel's thorough investigation, coupled with the significant document discovery conducted in the Action, has afforded them with a comprehensive understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes. In addition, Class Counsel have engaged in extensive consultation with experts in assessing the claims, defenses, and potential damages in connection with their negotiation of the Settlement.

6. Miller Shah and its co-counsel, Capozzi Adler, P.C., have fully investigated and

developed the Action, reviewed significant discovery, worked with experts, and engaged in motion practice to properly and vigorously represent the interest of the Plan and the Class, and are prepared to litigate the Action through its resolution.

7. Plaintiffs were diligently engaged in the litigation of the Action from its inception, including, *inter alia*, providing documents and information to Class Counsel in connection with their pre-suit investigation of the Action, providing documents to Class Counsel and answering requests for information, participating in regular conference calls with Class Counsel, and reviewing pleadings and other Court documents in order to stay apprised of developments in the Action and fulfill their duties to the Settlement Class.  In addition, Plaintiffs engaged in preparation work in anticipation of being deposed by Defendants if the Action was not resolved on favorable terms.  Plaintiffs were in touch with Class Counsel during the mediation and participated in Settlement discussion.

8. Based on a review of the docket in the Action and confirmation with Strategic Claims Services, to date, no members of the Settlement Class have filed purported objections to the Settlement, or the requested attorneys' fees, expenses, and service awards.  Class Counsel have fielded numerous calls and responded to correspondence from Settlement Class members to provide information regarding the Settlement and claims process, and none have voiced any opposition to the Settlement.

9. The Notice to the Class provided that Class Counsel may apply for an award of attorneys' fees not to exceed 25% of the Settlement Fund, inclusive of expenses.  Although Class Counsel have incurred in excess of approximately $30,000,[1] they only seek 25% of the

---

[1] As reflected in Exhibit "A" to this Declaration, Class Counsel's current expenses are $29,943.98 and Class Counsel estimate that they will incur approximately $5,000 in additional expenses based upon past experience in similar cases.  Accordingly, Class Counsel conservatively estimate total expenses as being $35,000 and utilize that estimate for calculating the ultimate multiplier

Settlement Fund inclusive of all expenses, in recognition of the fact that the Action was resolved in an expeditious manner based upon the efforts of Class Counsel and the willingness of Defendants to engage in relatively early, good-faith negotiations. Despite prosecuting this litigation for upwards of two years, including a months-long pre-filing investigation of the Plan's claims, Class Counsel have not received any payment for their services or expenses incurred for prosecuting the Action.

10. Class Counsel are requesting attorneys' fees of 25% of the Settlement Fund, inclusive of expenses of approximately $30,000 (an amount which is estimated to ultimately reach at least $35,000). The requested fee award of 25% is less than the amount negotiated by Plaintiffs and Class Counsel as the maximum permissible fee to be sought, as the parties' Settlement Agreement permits Class Counsel to seek up to 33%, plus expenses, and is well within the range of fees awarded by courts in this District, as well as throughout the country.

11. Class Counsel achieved this highly favorable result for the Class at significant risk and substantial expense. Class Counsel were unwavering in their dedication to the interests of the Class and their investment of the time and resources necessary to bring the Action to a successful resolution. Class Counsel's compensation for the services rendered has always been wholly contingent. The requested fee is reasonable based on the quality of Class Counsel's work and the substantial benefit obtained for the Class.

12. For their extensive efforts on behalf of the Class, Class Counsel is applying for compensation from the Settlement Fund on a percentage-of-the-fund basis, and seeks the Court's approval of the same. The percentage-of-the-fund method is the appropriate method of compensating counsel because, among other things, it aligns Counsel's interests in being paid a

---

sought in terms of attorneys' fees, since a separate award of expenses is not being sought and, instead, Class Counsel are seeking an award of 25%, inclusive of all expenses incurred.

fair fee with the interests of the Class in achieving an optimal resolution under the circumstances. In addition, the percentage-of-the-fund method is particularly appropriate here given the favorable result achieved.

13.   Class Counsel's compensation for the services rendered was wholly contingent on their success. Demonstrating Class Counsel's commitment to the Action, they have devoted more than 1,370 hours to litigating the Action resulting in a lodestar of $656,615.50. I have confirmed that Class Counsel's lodestar is based upon their normal hourly rates that are paid by clients for similar hourly engagements and have been regularly approved by courts throughout the United States. Based upon past experience, Class Counsel will likely expend at least an additional $50,000 in lodestar (and likely closer to $100,000) in connection with final approval proceedings and administration of the Settlement, including responding to inquiries by members of the Settlement Class, which occur on a daily basis. Assuming that only $50,000 in additional time is expended in connection with the Settlement, Class Counsel's 25% fee request (less total estimated expenses that are included in the 25% request) represents a modest multiplier of **_.98_** [($725,000 - $35,000)/($ 656,615.50 + $50,000)] of their aggregate lodestar (excluding the value of the non-monetary relief obtained on behalf of the Plan), and is well within range of multipliers awarded by courts in this District and throughout the country. I have confirmed that Class Counsel's expenses are reflected in the respective books and records maintained by each of the firms, and are an accurate record of the expenses incurred in this action. The time devoted by all counsel and the expenses incurred by all counsel in the prosecution of the litigation are set forth in Exhibit "A" to this Declaration.[2] I respectfully submit that all of these costs and expenses are

---

[2] Miller Shah's co-counsel have provided records of their time, which amounts to $109,465.50 in lodestar (with Bailey & Glasser LLP incurring $9,438.50 in fees for two timekeepers in their capacity as local counsel and Capozzi & Adler, P.C. incurring $100,027.00 in fees for five timekeepers in their capacity as co-counsel and Class Counsel).

5

reasonable and should be approved by the Court.

14.   Miller Shah's attorneys are experienced in class action litigation, including in ERISA class actions, and have recovered more than $1 billion on behalf of their clients in class actions nationwide.[3]   In ERISA class and representative actions, James E. Miller, Laurie Rubinow, and I lead the Firm's practice and, over the past decade, we have served as lead counsel in some of the most significant ERISA cases prosecuted throughout the United States on behalf of retirement plans and their participants, including: *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (D. Conn.) (class action on behalf of retirement plans tried before the Honorable William G. Young and resulting in a settlement valued at over $400 million for a class of retirement plans); *Ferguson v. Ruane Cunniff & Goldfarb*, No. 1:17-cv-06685-ALC-BCM (S.D.N.Y.) ($124.5 million in proposed common fund settlements pending final approval); *Phones Plus, Inc. v. Hartford Fin. Servs., Inc.*, No. 3:06-cv-01835 (D. Conn.) (class action settlement with value of over $80 million on behalf of class of retirement plans); *Garthwait v. Eversource Energy Service Co.*, No. 3:20-cv-00902 (D. Conn.) ($15 million settlement for class of plan participants); *Boley v. Universal Health Servs.*, No. 2:20-cv-02644 (E.D. Pa.) ($12.5 million settlement for class of plan participants); *Golden Star, Inc. v. Mass Mutual Life Ins. Co.*, No. 3:11-cv-30235 (D. Mass.) ($9.475 million class action settlement on behalf of class of retirement plans); *Butler National v. Union Central Life Ins. Co.*, No. 1:12-cv-177 (S.D. Ohio) ($2.25 million common fund established for class of retirement plans and other relief to class valued at over $15 million); *Terraza v. Safeway, Inc.*, No. 4:16-cv-03994 (N.D. Cal.) (settlement of $8.5 million for class of plan participants); *In re LinkedIn ERISA Litig.*, 5:20-

---

[3] *See* https://millershah.com/practice-areas/employee-benefits-fiduciary-compliance/401-k-fee-litigation-gatekeeper-cases/.

cv-05704-EJD (N.D. Cal.) ($6.75 million settlement on behalf of retirement plan participants); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00988 (W.D.N.C.) ($3.5 million class action settlement). In addition, in 2020, Mr. Miller was named whistleblower lawyer of the year by Taxpayers Against Fraud, a well-respected nonprofit association, for his work on behalf of the United States and certain states in recovering $678 million in *U.S. ex rel. Bilotta v. Novartis Pharmaceuticals Corp.*, No. 11 Civ. 0071 (PGG), and $54 million in *U.S. ex rel. Arnstein v. Teva Pharmaceuticals*, No. 13 Civ. 3702 (CM), both of which settled on the eve of trial in the United States District Court for the Southern District of New York before Judge Gardephe and Chief Judge McMahon, respectively, and demonstrate Miller Shah's ability to handle exceptionally complex litigation. Thus, the attorneys at Miller Shah have the experience, resources, expertise, and aptitude necessary to properly represent the interests of the Plan and the Settlement Class in this Action. Since the inception of this Action, Miller Shah has acted cooperatively with Capozzi Adler, P.C., a firm with significant experience litigating ERISA class actions similar to the Action, and with Bailey & Glasser LLP, a firm experienced with complex ERISA litigation and litigation in this District.

15. Defendants are represented by experienced counsel, Morgan Lewis & Bockius LLP, which spared no effort in the defense of their clients. Defendants' counsel vigorously defended their clients, insisted Defendants had no liability and gave every indication they were ready to proceed with the litigation to trial if a settlement was not reached. In the face of this opposition, Class Counsel developed Plaintiffs' case so as to persuade Defendants to settle the Action on a basis favorable to the Class under the circumstances.

16. This litigation was undertaken by Class Counsel on a wholly-contingent basis. From the outset, Class Counsel understood that they were embarking on a complex, expensive,

and lengthy litigation with no guarantee of ever being compensated for the enormous investment of time and money the case would require. In undertaking that responsibility, Class Counsel was obligated to ensure that sufficient attorney and paraprofessional resources were dedicated to the prosecution of this action and that funds were available to compensate staff and the considerable costs which a case such as this entails.

17. Because of the nature of a contingent practice in the area of employment benefits litigation, where cases are predominantly complex and last several years, not only do contingent litigation firms have to pay regular overhead, but they also have to advance the expenses of the litigation. This does not even take into consideration the possibility of no recovery. As discussed above, from the outset, this action presented a number of risks and uncertainties which could have prevented any recovery whatsoever. It is wrong to assume that law firms handling complex contingent litigation such as this always win. Tens of thousands of hours have been expended in losing efforts. The "risks of litigation" factor employed by courts in analyzing fee requests is not an empty phrase. There was a demonstrable risk that the Class and its counsel would receive nothing. It took hard and diligent work by skilled counsel to develop facts and theories which persuaded Defendants to enter into serious settlement negotiations.

18. Plaintiffs' experts have estimated the range of realistic and supportable damages to be from $5,214,384 to $8,413,941 depending upon the methodology and assumptions employed and when brought to present value by applying a reasonable interest rate. While figures in this range are defensible, the likelihood of establishing the higher figure faces more challenges than the lower figure. Indeed, if the action proceeded through trial, Defendants would likely challenge the loss calculation methodology and interest rates applied (not to mention challenges to causation and other elements of Plaintiffs' claims). Accordingly, the Settlement

provides monetary relief amounting to over 42.5% of the mid-point of the Plan's potentially recoverable losses. When the non-monetary relief provided by the Settlement is accounted for, the value of the recovery is even larger

19. When Class Counsel undertook to act for Plaintiffs and the Plan's participants and beneficiaries in this action, it was with the knowledge that they would spend many hours of hard work against some of the best defense lawyers in the United States, with no assurance of obtaining any compensation for their efforts. The benefits conferred on the class by this Settlement are particularly noteworthy in that a Settlement Fund worth $2,900,000.00 and significant non-monetary relief were obtained for the Settlement Class despite the existence of substantial risks of no recovery in light of the vigorous defense mounted by Defendants, and the practical obstacles to obtaining a larger recovery after continued litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August, 2023 at Philadelphia, Pennsylvania.

/s/ Alec J. Berin  
Alec J. Berin

# EXHIBIT A

**LODESTAR CHART**

| Timekeeper | Role | Billable Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|---|
| Alec J. Berin | Associate Attorney | 182.30 | $550.00 | $100,265.00 |
| Jillian M. Boyce | Supervising Paralegal | 34.30 | $275.00 | $9,432.50 |
| Ho Yin Cheung | Project Analyst | 59.30 | $250.00 | $14,825.00 |
| Elena M. DiBattista | Senior Paralegal | 10.50 | $250.00 | $2,625.00 |
| Anna K. D'Agostino | Associate Attorney | 69.10 | $425.00 | $29,367.50 |
| Jonathan A. Dilger | Research Director | 122.30 | $500.00 | $61,150.00 |
| Betsy A. Ferling | Senior Paralegal | 197.10 | $250.00 | $49,275.00 |
| Linda Gussler | Paralegal (C&A) | 22.10 | $350.00 | $7,735.00 |
| Mark Gyandoh | Partner (C&A) | 12.30 | $885.00 | $10,885.50 |
| Gabrielle Kelerchian | Associate Attorney (C&A) | 12.10 | $550.00 | $6,655.00 |
| Samantha Kielbania | Project Analyst | 31.70 | $250.00 | $7,925.00 |
| Mary E. McClay | Paralegal (B&G) | 7.90 | $305.00 | $2,409.50 |
| James E. Miller | Partner | 135.60 | $1,100.00 | $149,160.00 |
| Lauren Phillips | Paralegal (C&A) | 0.70 | $335.00 | $234.50 |
| Donald R. Reavey | Partner (C&A) | 84.20 | $885.00 | $74,517.00 |
| John C. Roberts | Associate Attorney | 91.50 | $550.00 | $50,325.00 |
| John J. Roddy | Partner (B&G) | 7.10 | $990.00 | $7,029.00 |
| Tyler J. Rodriguez | Project Analyst | 61.30 | $250.00 | $15,325.00 |
| Stephen T. Rutkowski | Project Analyst | 87.60 | $250.00 | $21,900.00 |
| Elise Wilson | Project Analyst | 142.30 | $250.00 | $35,575.00 |
| **Totals** | | **1371.30** | | **$656,615.50** |

Notes: (C&A) denotes Capozzi & Adler, P.C.; (B&G) denotes Bailey & Glasser LLP.

**EXPENSE CHART**

| Miller Shah LLP Expenses | |
|---|---|
| **Category** | **Amount** |
| Computer Research/Access | $842.30 |
| Experts/Investigators | $18,500.00 |
| Internal Copying | $723.20 |
| Mediation | $8,475.00 |
| Postage | $39.12 |
| Telephone | $11.20 |
| Miller Shah Total | $28,590.82 |
| | |
| **Co-Counsel Expenses** | $1,353.16 |
| | |
| **Total Expenses** | **$29,943.98** |