IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUDY CLARK, *et al.*,<br><br>       Plaintiffs,<br>  v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, *et al.*,<br><br>       Defendants. | Case No.: 1:22-CV-10068-DPW<br><br>Judge Denise J. Casper<br><br>September 15, 2023 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES, AND CASE CONTRIBUTION AWARDS; AND RESPONSE TO OBJECTION**

Plaintiffs,[1] individually and on behalf of the Beth Israel Deaconess Medical Center 401(k) Savings and Investment Plan and the Beth Israel Deaconess Medical Center Voluntary 403(b) Plan (collectively, the "Plan"), respectfully submit this Memorandum of Law in further support of their unopposed Motion for Final Approval of Class Action Settlement and Attorneys' Fees, Expenses, and Case Contribution Awards (ECF No. 63), as well as to respond to one objection filed in advance of the objection deadline by a member of the Settlement Class, and to update the Court on the positive reception of the Settlement Class to the Settlement since the execution of the Notice plan.[2]

The proposed Settlement would resolve this litigation in its entirety and establish a common fund of $2,900,000.00 for the benefit of the Settlement Class. As detailed in Plaintiffs' moving papers, the Settlement is the product of thoroughly contested litigation between highly experienced counsel and extensive arm's-length negotiations achieved with the assistance of Robert A. Meyer, Esq. of JAMS, one of the most respected and sought-after mediators in the country. In addition, the Settlement and all related applications have been reviewed and approved by the Independent Fiduciary retained on behalf of the Plan, the report of which has been filed on the docket (ECF No. 68) and posted to the Settlement Website. The Settlement represents a very favorable result for the Class, particularly when considering the substantial risks and challenges that Plaintiffs and the Class would face in establishing liability and damages at trial, defeating Defendants' affirmative defenses and responsive arguments, and the costs and

---

[1] Plaintiffs are Trudy Clark, Donna Nesmith, Jessica Smith, and Shelly Stack (collectively, "Plaintiffs"). Defendants are Beth Israel Deaconess Medical Center, the Board of Directors of Beth Israel Deaconess Medical Center, and the Pension Committee of Beth Israel Deaconess Medical Center (collectively, "Defendants" and with Plaintiffs, the "Parties").

[2] Capitalized terms that are not otherwise defined herein shall have the same meaning as in the Settlement Agreement (ECF No. 60-1).

delays of continued litigation, including trial and inevitable appeals, which would occur absent the Settlement.

The Settlement should be finally approved because it furnishes a "fair, reasonable, and adequate" resolution of Plaintiffs' claims in light of the uncertainties of subsequent litigation, as demonstrated by the overwhelmingly positive reaction that it has received from Settlement Class members. *See Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 347 (D. Mass. 2015), *aff'd*, 809 F.3d 78 (1st Cir. 2015) (recognizing the "reaction of the class" as an important factor in a fairness inquiry under Federal Rule of Civil Procedure 23(e)(2)); *see also In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 261 (D.N.H. 2007). To date, 23,696 members of the Settlement Class have received direct notice of the Settlement, claims procedure, and objection guidelines. *See* Updated Supplemental Declaration of Cornelia Vieira Concerning the Mailing of the Settlement Notice and Former Participant Claim Form ("Updated Supplemental Vieira Decl."), at ¶ 3. The Settlement Administrator has also maintained a website and toll-free phone number to address inquiries about the status of the case, deadlines, and claims filing process, and to make available important documents, including the Settlement Notice and Former Participant Claim Form. *See id.* ¶ 6. Since the Court entered the Preliminary Approval Order, the Settlement Administrator has promptly responded to each inquiry received by telephone and email, and continues to maintain and update the website. *See id.* In addition, Class Counsel has received numerous daily inquiries from members of the Settlement Class seeking more information about the claims and Settlement and responded to each during live conference calls and follow up email correspondence.

Settlement Class Members have responded positively to the Settlement Notice. The Preliminary Approval Order required that objections be received no later than August 23, 2023.

2

*See* ECF No. 61.  To date, of the more than 23,000 members of the Settlement Class who received notice and hundreds who have contacted Class Counsel and the Settlement Administrator, only ***one*** member of the Settlement Class, Geoffrey Brahmer, has filed an objection.  *See* ECF No. 67.  For the reasons discussed below, Mr. Brahmer's objection does not undermine a finding that the Settlement is fair, reasonable, and adequate such that final approval should be granted.

As indicated in Mr. Brahmer's objection, Class Counsel held several lengthy conference calls and exchanged correspondence with Mr. Brahmer prior to the filing of the objection.  During those calls, Mr. Brahmer raised an issue concerning the mapping of his account balance in the Plan's money market fund to the Plan's target date funds upon the termination of the money market fund as an investment option in the Plan.  Class Counsel understand from Mr. Brahmer that, prior to the termination of the money market fund as an investment option in the Plan, the Plan's recordkeeper sent a notice of the investment lineup change to participants to inform them of the elimination of the money market fund and instruct that, unless participants altered their investment election within a 30-day period, their account balances would be mapped into the target date fund vintage that mostly corresponded with their assumed retirement year.  Mr. Brahmer did not alter his investment election within that time period and his account balance was mapped into a vintage of the Plan's target date funds.  Mr. Brahmer alleges that he suffered losses as a result of the mapping of his account balance.

Within two days of Mr. Brahmer's outreach to Class Counsel, Class Counsel held two separate calls with Mr. Brahmer, during which Class Counsel advised Mr. Brahmer that the issues he raised are outside of the scope of claims advanced in the lawsuit and release provisions in the proposed Settlement.  Mr. Brahmer subsequently indicated that he might elect to object to

3

the proposed Settlement but expressed interest in Class Counsel representing him in connection with potential claims arising out of the mapping issue. At that time, Class Counsel indicated that representation of an objector during the pendency of settlement approval proceedings could present a conflict and recommended that Mr. Brahmer consult with other counsel if he wished to pursue his potential claims.

Since Mr. Brahmer filed his objection, Class Counsel and Mr. Brahmer have had further discussions regarding Mr. Brahmer's potential claims, the scope of the Settlement release (which has been confirmed by Defendants), and Mr. Brahmer's other concerns. After these discussions, Mr. Brahmer confirmed to Class Counsel that his concerns regarding the nature of the Action, the claims at issue, and the Settlement have generally been addressed. *See* ECF No. 67-1; *see* Supplemental Declaration of Alec J. Berin ("Supplemental Berin Decl."), at ¶ 4–8. On the substance of Mr. Brahmer's original objection, Class Counsel submits that the subjects raised do not undermine the fairness, reasonableness, or adequacy of the Settlement. Indeed, as it relates to the Settlement consideration and released claims, Mr. Brahmer's objection appeared to be premised on a misunderstanding of the claims asserted in the lawsuit, scope of the Settlement release, and range of realistically achievable recoveries based on the claims asserted in the action. Supplemental Berin Decl. ¶ 8. Moreover, Class Counsel are confident that any remaining concerns held by Mr. Brahmer do not undermine the fairness, reasonableness, or adequacy of the settlement. Supplemental Berin Decl. ¶ 8. The remaining subjects of Mr. Brahmer's objection largely reflect a preference for more robust disclosure requirements around investment mapping and concerns with the settlement approval process contemplated by the Federal Rules of Civil Procedure and this Court's local rules rather than any specific issues with

the Settlement.³  Mr. Brahmer's concerns do not weigh against final approval of the Settlement. No further objections have been received or filed; to the contrary, Class Counsel has received positive feedback from the scores of Settlement Class members with whom they have been in contact.  Moreover, no members of the Settlement Class objected to any of the applications for fees or expenses or case contribution awards related to the settlement.

The reaction of the Class and the lack of substantive objections confirm the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and the related requests. *See Bezdek*, 79 F. Supp. at 347.  Courts have opined that a small number of objections can be viewed as indicative of the adequacy of a settlement.  *See Bacchi v. Massachusetts Mut. Life Ins. Co.*, No. CV 12-11280-DJC, 2017 WL 5177610, at *2 (D. Mass. Nov. 8, 2017) (Casper, J.) (finding final approval warranted where "[t]he vast majority of the class registered no objections to the proposed settlement"); *see also In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 72 (D. Mass. 2005).  Therefore, the lack of further outstanding objections decisively supports final approval. Moreover, the Settlement Administrator has complied with the Preliminary Approval Order and exhausted all reasonable means of notifying members of the Settlement Class of the Settlement, including obtaining corrected addresses and remailing Notice and Former Participant Claim Formers where possible.  *See* Updated Supplemental Vieira Decl., at ¶¶ 3–5.  The Settlement

---

³Mr. Brahmer's recommendations include that absent class members should be afforded greater input into the litigation and discovery process.  While an admirable goal, Class Counsel submit that they have, at all times, taken their responsibilities seriously and consistently pursued the litigation in the interests of all members of the Settlement Class.  Routinely, Class Counsel are contacted by absent class members during litigation and spend considerable time providing any requested explanations of the status of litigation and periodic updates.  Mr. Brahmer did not contact Class Counsel during the course of the litigation, however, when he ultimately reached out after the motion for preliminary approval was filed, Class Counsel immediately responded and held two conference calls with him in the ensuing two days.  Class Counsel, therefore, do not believe that any suggestion that they were inattentive to the interests of absent members of the Settlement Class is accurate.

Administrator has not received a single objection, other than Mr. Brahmer's, despite providing notice of the Settlement and objection procedures to tens of thousands of Settlement Class members. *See id.* at ¶ 9. This strongly indicates the fairness, reasonableness, and adequacy of the Settlement and the Plan of Allocation.

Beyond the lack of substantive objections to the Settlement, there have been no objections to the request for attorneys' fees and expenses or case contribution awards for Plaintiffs. *See id.* In addition to the reasonableness of the amounts requested, as discussed in detail in the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Attorneys' Fees, Expenses, and Case Contribution Awards, the fact that the Settlement Administrator has received no objections to those applications further weighs in favor of final approval. *See In re Ranbaxy Generic Drug Application Antitrust Litig.*, 630 F. Supp. 3d 241, 243 (D. Mass. 2022).

Accordingly, Plaintiffs respectfully request that the Court grant final approval of the Settlement and enter an Order that: (1) grants final approval the Settlement; (2) maintains certification of the Settlement Class; (3) finds the manner in which the Settlement Class was notified of the Settlement was the best notice practicable under the circumstances, and fair, reasonable, and adequate; (4) approves the Plan of Allocation; and (5) awards attorneys' fees of 25% of the Net Settlement Amount (inclusive of expenses) and $7,500 each to Plaintiffs.[4]

---

[4] If helpful to the Court, Plaintiffs would be happy to provide a Word version of the proposed Final Approval Order.

DATED: September 15, 2023                    Respectfully submitted,

/s/ *Alec J. Berin*
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
          ajberin@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
          lrubinow@millershah.com

Kolin C. Tang
MILLER SHAH LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Anna K. D'Agostino
MILLER SHAH LLP
225 Broadway, Suite 1830
New York, NY 10007
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: akdagostino@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

        Donald R. Reavey
        CAPOZZI ADLER, P.C.
        2933 North Front Street
        Harrisburg, PA 17110
        Telephone: (717) 233-4101
        Facsimile: (717) 233-4103
        Email: donr@capozziadler.com

        John Roddy
        Elizabeth Ryan
        BAILEY & GLASSER LLP
        176 Federal Street, 5th Floor
        Boston, MA 02110
        Telephone: (617) 439-6730
        Facsimile: (617) 951-3954
        Email: jroddy@baileyglasser.com
                eryan@baileyglasser.com

        *Attorneys for Plaintiffs, the Plan,*
        *and the Settlement Class*

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for Plaintiffs certifies that Plaintiffs' counsel conferred with counsel for Defendants regarding Plaintiffs' foregoing.  Defendants do not oppose the motion.

/s/ *Alec J. Berin*
Alec J. Berin

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court, and upon the counsel of record using the CM/ECF system.

/s/ *Alec J. Berin*
Alec J. Berin